CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED
JUN 08 2007
JOHN F. CORCORAN, CLERK
BY: /s/ HMcDonald
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| CHRISTOPHER LEE BENNETT,<br>Petitioner, | ) ) ) ) | Civil Action No. 7:06CV00751 |
| v. | ) ) ) | **MEMORANDUM OPINION** |
| BRYAN WATSON, WARDEN OF<br>WALLENS RIDGE STATE PRISON,<br>Respondent. | ) ) ) | By: Hon. Jackson L. Kiser<br>Senior United States District Judge |

Petitioner, Christopher Lee Bennett ("Bennett"), a Virginia Department of Corrections inmate proceeding pro se, brings this action for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254. Respondent filed a Motion to Dismiss to which Bennett filed a timely response, making the matter ripe for consideration. Upon careful review of the extensive state court records and the pleadings and exhibits submitted by the parties, I conclude that Respondent's Motion to Dismiss must be granted.

## I. Procedural History

On December 17, 2003, Bennett pleaded guilty in Augusta County Circuit Court to the following in violation of Va. Code §§ 18.2-90, 18.2-58, and 18.2-31(4), respectively: breaking and entering with a deadly weapon, with the intent to commit robbery; robbery; and premeditated murder during the commission of a robbery. The Commonwealth's evidence indicated that on the evening of July 25, 2003, Bennett armed himself with a seven millimeter rifle and went to Vincent McDorman's home, allegedly intending to rob him.[1] Bennett wore a mask and gloves and broke a

---

[1] McDorman was Bennett's mother's ex-husband. The marriage between Bennett's mother and McDorman produced three daughters, and McDorman had custody of them on that date.

window to gain access to McDorman's home. Bennett indicated to an investigating officer that, once inside the house, he heard McDorman molesting one of his half-sisters. Bennett told the officer that he shot McDorman because he "couldn't take it any more."[2] Bennett took six (6) dollars and a checkbook from McDorman's billfold.

Bennett's friend, Randy McAllister, was investigated and stated that Bennett had offered him $150.00 if McAllister would let him borrow a gun in order to rob McDorman. McAllister agreed and drove Bennett to McDorman's home. While waiting for Bennett outside McDorman's home, McAllister heard a gunshot. When Bennett returned to the car, he told McAllister that he had shot McDorman. Bennett and McAlister drove to Lexington later that day and cashed a $700.00 check from McDorman's checkbook. Bennett was interviewed two days after the incident and confessed to robbing and shooting McDorman. On December 17, 2003, in accordance with a plea agreement, the trial court sentenced Bennett to life in prison without parole as to each of the charges, to be served consecutively.

Bennett appealed his convictions to the Court of Appeals of Virginia claiming only that his sentence was excessive and disproportionate. A single judge of that court denied Bennett's petition by order dated July 19, 2004. Bennett appealed this decision to the Supreme Court of Virginia, which refused his petition for appeal on December 13, 2004. On July 12, 2005, Bennett timely filed a petition for a writ of habeas corpus, in which he asserted the following claims for relief:

> A. Counsel were ineffective for failing to assert the defense of insanity due to an irresistible impulse;
> B. Counsel were ineffective for failing to seek reduction of the capital murder charge to voluntary manslaughter and to proffer instructions on the heat of passion;

---

[2] As a matter of relevancy, the record indicates that McDorman was investigated for sexually molesting Bennett when Bennett was a child. Bennett also claims that he was molested by McDorman.

2

C. The sentence he received was excessive and disproportionate to his crime and his prior history, resulting in a violation of his Eighth Amendment rights;
D. Counsel were ineffective for failing to raise and pursue a defense of insanity on the basis of the M'Naghten Rule; and
E. His plea was not made voluntarily and intelligently because he was not competent to enter a plea at the time of the hearing.

(Resp't Mot. Dismiss 2); (Pet'r State Writ Habeas Corpus). By order of December 8, 2005, the Circuit Court for Augusta County denied Bennett relief and dismissed his petition. By order of June 28, 2006, the Supreme Court of Virginia refused Bennett's petition for appeal. The Supreme Court also denied Bennett's petition for rehearing by order of September 20, 2006. On December 22, 2006, Bennett filed the present § 2254 Petition for a Writ of Habeas Corpus. He asserts the following grounds for relief:

A. His guilty plea was not knowing and voluntary because counsel failed to advise him that he had a viable defense under either the M'Naghten Rule or irresistible impulse doctrine; and
B. His guilty plea was not knowing and voluntary because he was not competent to enter a plea.

(Resp't Mot. Dismiss 3; Pet'r Statement Facts 3, 7).

## II. Claim B

The doctrine of procedural default provides that "a federal habeas court may not review constitutional claims when a state court has declined to consider their merits on the basis of an adequate and independent state procedural rule." Burket v. Angelone, 208 F.3d 172, 183 (4th Cir. 2000). A state procedural rule is adequate if it is regularly or consistently applied by the state courts, Johnson v. Mississippi, 486 U.S. 578, 587 (1988), and it is independent if it does not depend on a federal constitutional ruling, Ake v. Oklahoma, 470 U.S. 68, 75 (1985). Where a state procedural rule is both adequate and independent, it will bar consideration of the merits of claims on habeas

3

review unless the petitioner demonstrates cause for the default and prejudice resulting therefrom or that a failure to consider the claims will result in a fundamental miscarriage of justice[3]. Coleman v. Thompson, 501 U.S. 722, 750 (1991); Fisher v. Angelone, 163 F.3d 835, 844 (4th Cir. 1998).

Under Slayton v. Parrigan, 205 S.E.2d 680 (Va. 1974), an inmate is procedurally defaulted from raising claims in habeas proceeding which could have been raised during trial or appellate proceedings. See also Virginia Code § 8.01-654(B)(2). The Court of Appeals for the Fourth Circuit has recognized Slayton as an independent and adequate procedural rule. See Wright v. Angelone, 151 F.3d 151, 159-60 (4th Cir. 1998). The state habeas court expressly held that review of claim (B) was barred by the default rule of Slayton as Bennett did not raise the claim at trial or on appeal. Thus, claim (B) is now procedurally barred from consideration in Virginia courts. Bennett seems to make no argument of cause or for failing to raise the claim earlier and I cannot find that failure to consider the claims will result in a fundamental miscarriage of justice. Therefore, I will not consider claim (B) on the merits and must dismiss the claim.

### III. Claim A

Under 28 U.S.C. § 2254(b), a federal court must dismiss a habeas petition without prejudice if the petitioner has not exhausted the remedies available in the courts of the state in which he was convicted. Preiser v. Rodriguez, 411 U.S. 475 (1973); Slayton v. Smith, 404 U.S. 53 (1971). The exhaustion requirement is satisfied when the "essential legal theories and factual allegations advanced in federal court . . . [are] the same as those advanced at least once to the highest state court." Pruett v. Thompson, 771 F. Supp. 1428, 1436 (E.D. Va. 1991), aff'd, 996 F.2d 1560 (4th

---

[3] To show "actual innocence," the only miscarriage of justice recognized as sufficient to excuse procedural default, a petitioner must show that "it is more likely than not that no reasonable juror would have convicted him" if jurors had received specific, reliable evidence not presented at trial. Schlup v. Delo, 513 U.S. 298, 327 (1995).

Cir. 1993); see also O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999). In Virginia, that court is the Supreme Court of Virginia. See Va. Code. § 8.01-654. Exhaustion may be accomplished either on direct appeal or in post-conviction proceedings. See O'Sullivan, 526 U.S. at 844 (citing Brown v. Allen, 344 U.S. 443, 447 (1953)); see also Skipper v. French, 130 F.3d 603, 610 n. 4 (4th Cir. 1997). In addition, it is Petitioner's burden to demonstrate that he has exhausted his state judicial remedies. Breard v. Pruett, 134 F.3d 615, 619 (4th Cir. 1998).

A federal district court ordinarily must dismiss a "mixed" habeas petition (one which contains both exhausted and unexhausted claims) without prejudice. See Rose v. Lundy, 455 U.S. 509, 519-20 (1982) (holding that failure to exhaust any claim will result in the entire petition being dismissed without prejudice). But, when it is obvious that the unexhausted claims would be procedurally barred in state court due to a state-law procedural default, the court may treat those claims now barred by state law as providing no basis for federal habeas relief. See Matthews v. Evatt, 105 F.3d 907, 911 (4th 1997) (citing Coleman v. Thompson, 501 U.S. 722, 735 n. 1 (1991), finding that the exhaustion requirement for claims not fairly presented to the state's highest court is technically met when a state procedural rule would bar consideration if the claim was later presented to the state court); Toulson v. Beyer, 987 F.2d 984, 987 (3d Cir. 1993) (finding that a petition containing unexhausted but procedurally barred claims in addition to exhausted claims, is not a mixed petition requiring dismissal under Rose).

Respondent maintains that claim (A) is not properly exhausted. It is clear that Bennett's claims that counsel were ineffective for *failing to raise and pursue* a defense of insanity on the basis of the M'Naghten Rule or the irresistible impulse doctrine were presented to the Supreme Court of Virginia. However, these are not the claims that Bennett currently raises. Bennett attempts to

5

bootstrap the claim that his guilty plea was not knowing and voluntary to an ineffective assistance claim that counsel *failed to advise him* of the M'Naghten Rule or the irresistible impulse doctrine. While the claims both involve the relevant insanity defenses, they are clearly distinguishable. Further, while Bennett did claim in a state petition that his plea was not knowing and voluntary, he alleged different reasons from the reasons he presents in the current petition. In the petition presently before the court, Bennett essentially claims that because of counsel's failure to advise him of these defenses, his guilty plea was not knowing and voluntary. Bennett alleges that if counsel had properly advised him of these defenses, he would not have pleaded guilty and would have insisted on a trial. As Bennett has not presented this argument to any state court, it is unexhausted and precluded from review in this habeas petition.

However, if the petitioner has failed to exhaust state court remedies and state law would now bar state review, federal review is simultaneously precluded because of procedural default, absent a showing of either cause for the default and resulting prejudice or actual innocence. Slayton v. Smith, 404 U.S. 53 (1971); Teague v. Lane, 489 U.S. 288 (1989); Bassette v. Thompson, 915 F.2d 932 (4th Cir. 1990). Claim (A) is procedurally barred from being considered in Virginia courts as claims set forth in a habeas petition may be procedurally barred by Virginia's successive petition rule if they were not timely raised in the first habeas petition filed by the same petitioner. See Va. Code § 8.01-654(B)(2). In other words, when a habeas petition is filed, the prisoner must include all claims arising out of facts that are known to the prisoner at that time. Dorsey v. Angelone, 544 S.E.2d 350 (2001). As Bennett has not presented claim (A) in any state habeas petition, it would be defaulted and dismissed on procedural grounds if he were to present it to a state court now. Consequently, it would serve no purpose to dismiss the petition for further exhaustion because

6

review of the claim is unavailable in state courts. See Coleman v. Thompson, 501 U.S. at 750 (1991). Because Virginia's procedural rule barring consideration of the claim is an adequate and independent state law ground and Bennett has not shown cause to excuse his procedural default or even alleged actual innocence, the court dismisses claim (A). See Id. at 729-30; Clagett v. Angelone, 209 F.2d 370, 379 (4th Cir. 2000) (recognizing § 8.01-654(B)(2) as adequate and independent); see also Edwards v. Carpenter, 529 U.S. 446, 453-54 (2000) (holding that ineffective assistance claims asserted as cause for procedural default of other claims are themselves subject to the procedural default rule).[4]

## IV. Evidentiary Hearing

---

[4] Bennett argues that because claim (A) includes an ineffective assistance claim, any procedural default of claim (A) should be excused. See Edwards v. Carpenter, 529 U.S. 446, 451-53 (2000) (finding that error by counsel may serve as cause to excuse procedural default only if petitioner demonstrates that the error was so egregious that it violated petitioner's constitutional right to effective assistance of counsel). A criminal defendant's right to effective assistance of counsel is protected by the Sixth Amendment to the United States Constitution. In Strickland v. Washington, 466 U.S. 668, 669 (1984), the United States Supreme Court set forth a two-prong test for evaluating ineffective assistance claims. The defendant must show that his counsel's performance fell "below an objective standard of reasonableness," and that the "deficient performance" must have "prejudiced the defense." Id. at 687-688. In the context of a guilty plea, the prejudice inquiry is "whether counsel's constitutionally ineffective performance affected the outcome of the plea process." Hill v. Lockhart, 474 U.S. 52, 59 (1985). The defendant must show that "there is a reasonable probability that, but for counsel's error, he would not have pleaded guilty and would have insisted on going to trial." Id. However, if there exists no reasonable probability that a possible defense would have succeeded at trial, the alleged error of failing to disclose or pursue it cannot be prejudicial. Hill, 474 U.S. at 59; Savino v. Murray, 82 F.3d 593 (4th Cir. 1996). I find that Bennett has failed to establish that counsel provided constitutionally ineffective assistance as he alleges. Bennett's counsel was not ineffective for advising him to take a plea agreement. Virginia law recognizes two tests by which an accused can establish criminal insanity, the M'Naghten Rule and the irresistible impulse doctrine. Bennett v. Commonwealth, 511 S.E.2d 439 (Va. Ct. App. 1999). Evidence that an accused planned his or her criminal acts precludes, as a matter of law, any finding that the accused acted under an irresistible impulse. Id. (citing Rollins v. Commonwealth, 151 S.E.2d 622, 625 (1966). The fact that Bennett was armed with a loaded gun, and used a mask and gloves certainly suggests planning. Evidence of planning does not, however, preclude a finding of insanity under the M'Naghten Rule. See Johnson v. Insurance Co. of North America, 350 S.E.2d 616, 617, 621 (1986). Under the M'Naghten Rule, an accused is insane if he or she did not understand the nature, character, and consequences of his or her act, or was unable to distinguish right from wrong. Price v. Commonwealth, 323 S.E.2d 106, 109 (1984). Dr. Stejskal's mental evaluation of Bennett does indicate that Bennett had a "diminished appreciation for the criminality of his conduct," but conspicuously absent is any determination that Bennett did not know what he was doing or that he did not know that his conduct was wrong. Thus, the record illustrates that the evidence is insufficient to support a theory under the M'Naghten Rule or the irresistible impulse doctrine and, when weighing the risk of taking such uncertain evidence to trial against the possibility of a sentence of death, I cannot find that counsel was ineffective. Therefore, I find that Bennett is unable to excuse the default of his trial error claim.

7

In seeking habeas corpus relief, Bennett requests that this court grant an evidentiary hearing and a new trial.[5] I determine that an evidentiary hearing is not required, as purely legal issues are presented and the record before the court adequately resolves the legal issues raised. See Rule 8 of the Rules Governing Section 2254 Cases. Therefore, Bennett's requests for an evidentiary hearing and a new trial are denied.

## V. Conclusion

Accordingly, I find that Bennett is not entitled to § 2254 relief. Respondent's Motion to Dismiss will be granted and an appropriate Order issued this day.

Petitioner is advised that he may appeal this decision, pursuant to Federal Rules of Appellate Procedure 3 and 4, if a judge of the circuit court of appeals or this court issues a certificate of appealability, pursuant to 28 U.S.C. § 2253(c). A certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(1). Petitioner has failed to demonstrate "a substantial showing of the denial of a constitutional right." Therefore, I decline to issue any certificate of appealability pursuant to Federal Rule of Appellate Procedure 22(b). See Miller-El v. Cockrell, 537 U.S. 322 (2003); Slack v. McDaniel, 529 U.S. 473 (2000). If Petitioner intends to appeal and seek a certificate of appealability from the Court of Appeals for the Fourth Circuit, his first step is to file a notice of appeal with this court within thirty (30) days of the date of entry of the Order issued this day, or within such extended period as the court may grant pursuant to Federal Rule of Appellate Procedure 4(a)(5).

---

[5] Bennett specifically requests a "revers[al] [of] his convictions and sentences." (Pet'r Writ Habeas 4). I construe this as a motion for a new trial.

8

ENTER: This 8th day of June, 2007.

Hon. Jackson L. Kiser,
Senior United States District Judge